# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARL JOSEPH JOHNSON, JR.,

        Plaintiff,

        v.                                        Case No. 09-C-0878

WARDEN LARRY JENKINS and WILLIAM McCREEDY,

        Defendants.

## DECISION AND ORDER

Now before the court are the following motions: (1) plaintiff's motion to compel discovery; (2) plaintiff's motion for no service; (3) plaintiff's motion for extension of time; (4) plaintiff's motion to amend motion to compel; (5) plaintiff's motion to amend pleadings; (6) defendants' motion for extension of time; (7) plaintiff's motion in response in opposition to defendants' response in opposition to plaintiff's motions; (8) plaintiff's motion for extension of time; and (9) plaintiff's motion to stay discovery.

### I. PLAINTIFF'S MOTION TO COMPEL DISCOVERY

The plaintiff filed a motion compel discovery on August 20, 2010. He argues that the defendants have not produced his medical records for inspection and copying. He also contends that the defendants' responses to his requests for admission were evasive and incomplete. In their opposition to the plaintiff's motion, the defendants generally argue that they are unable to respond fully to the plaintiff's discovery requests because he has failed to provide them with an appropriate authorization. He sent them a handwritten authorization and then an altered version of the form they

provided him, but neither contained the required language to give the defendants access to the plaintiff's medical records and other prison records that contain medical information.

With regard to the authorization, the plaintiff has put his health at issue in this litigation and thereby waived physician-patient privilege. Wis. Stat. § 905.04(4)(c). Thus, the defendants are entitled to review the plaintiff's medical records, which are relevant to the plaintiff's claims. Nevertheless, the defendants need the plaintiff's authorization in order to copy his records. An authorization from the plaintiff giving informed consent is necessary for the records to be copied and used by the defendants in this litigation. Wis. Stat. § 146.82(1). If the plaintiff wishes to proceed with his claims in this litigation, he must provide the defendants with a signed authorization giving his informed consent for the defendants to have access to the plaintiff's prison records.

**The defendants are instructed to immediately provide the plaintiff with a new authorization. The plaintiff is directed to sign the authorization and return the signed authorization to the defendants within ten days of receiving it. After the ten days has elapsed, the defendants shall inform the court whether they have received the authorization. If the plaintiff has not signed the authorization and provided it to the defendants, the court will consider dismissing the case.**

In their response to the plaintiff's motion, the defendants also address some of the plaintiff's specific discovery concerns. In light of the clarification in the plaintiff's motion, the defendants were able to provide him with the staff smoking policy he really wanted and to begin a search for the union contract and administrative directive he desired. The plaintiff's motion to compel will be denied.

## II. PLAINTIFF'S MOTION FOR NO SERVICE

Also on August 20, 2010, the plaintiff filed a motion for no service. He complains that he did not receive the documents filed at docket numbers 12 and 36, and that he did not receive a signed

2

waiver of service from the defendants when he served them with the requests for admissions he filed at docket number 18. There is no relief the plaintiff can seek as to the defendants and his motion will be denied. Both docket numbers 12 and 36 were filed by the court, and the Clerk of Court will be directed to mail copies of those documents to the plaintiff. With regard to docket number 18, the plaintiff seems to think the defendants need to waive service of the requests for admissions, as they would for service of a complaint. That is not the case. Also, it appears that the plaintiff has received answers to those requests for admissions so there is no ongoing issue.

### III. PLAINTIFF'S MOTION FOR EXTENSION OF TIME

On September 3, 2010, the plaintiff filed a motion asking for a 30 day extension of the discovery deadline. Because the 30 days has already elapsed, the court will deny the plaintiff's motion. However, the court will provide new deadlines for the close of the discovery and the filing of dispositive motions **after the plaintiff has provided the defendants with a proper medical records authorization.**

### IV. PLAINTIFF'S MOTION TO AMEND MOTION TO COMPEL

That same day, the plaintiff filed a motion to amend his motion to compel. He provided additional information regarding his specific issues with the defendants' discovery responses (details regarding the labor agreement he was seeking). This motion to amend will be granted. The additional information was considered above as part of the plaintiff's motion to compel.

### V. PLAINTIFF'S MOTION TO AMEND PLEADINGS

On September 15, 2010, the plaintiff filed a motion in which he seeks permission to file a motion to amend his motion to compel. He argues that he does not have the financial resources to file another motion. However, there was no new motion to compel filed with this motion. It is possible that this motion seeks permission to file the motion to amend his motion to compel that he

had already filed on September 3, 2010. Because the court cannot discern the relief the plaintiff requests, this motion will be denied.

## VI. PLAINTIFF'S MOTION IN RESPONSE

On September 23, 2010, the plaintiff filed a document entitled Plaintiff's Motion in Response in Opposition to Defendants' Response in Opposition to Plaintiff's Motion to Compel [DKT. #38], Amended Motion to Compel [DKT. #43], and Motion for Extension of Time [DKT. #42]. This was not docketed as a motion, as it is apparent that this is the plaintiff's reply brief with regard to the motions listed in the title. However, for clarity, the court will deny this motion because it does not seek relief that differs from the plaintiff's motions themselves.

## VII. DEFENDANTS' MOTION FOR EXTENSION OF TIME

On September 24, 2010, the defendants filed a motion for extension of time. They cite their inability to file a motion for summary judgment without the plaintiff's medical records and ask for a new dispositive motion deadline of 30 days after the plaintiff provides them with a proper authorization. The court will deny this motion because the dispositive motion deadline will be more than 30 days after the plaintiff provides the defendants with a proper authorization. As discussed above, the court will provide new deadlines for the close of discovery and the filing of dispositive motions after the plaintiff provides such an authorization.

## VIII. PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME

On October 1, 2010, the plaintiff filed a motion for an enlargement of time to file a motion for summary judgment. He refers to a medical file review he had on September 24, 2010, and argues that his records from October 15, 2006, are missing from the file. He also argues that the authorization the defendants provided has the wrong middle initial. He implies that this error on the

authorization is why he refused to sign it. As with the other motions for extensions, this motion will be denied, but new deadlines will be forthcoming.

### IX. PLAINTIFF'S MOTION TO STAY DISCOVERY

Finally, on October 19, 2010, the plaintiff filed a motion to stay discovery due to the pending motions. He once again informs the court that his medical records from September and October 2006 are missing from his medical records. He also indicates that he intends to file a motion for summary judgment and argues that discovery should be stayed pending the resolution of that motion because there are exhaustion issues and it would be a waste to proceed on the merits before they were resolved. The language in this motion seems to have been copied from another motion, where perhaps exhaustion was an issue. The court is unaware of an exhaustion issue here and has not been advised whether the defendants' motion for summary judgment is about exhaustion or whether it will address the merits. Because the court will be providing new deadlines, there is no need for a stay of discovery. This motion will be denied. Additionally, the defendants have not been in a position to respond to the plaintiff's allegations of missing medical records because they have not had access to those records.

### X. ORDER

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion to compel discovery (Docket #38) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the defendants are instructed to immediately provide the plaintiff with a new authorization. The plaintiff is directed to sign the authorization and return the signed authorization to the defendants within ten days of receiving it. After the ten days has elapsed, the defendants shall inform the court whether they have received the authorization. If the plaintiff

has not signed the authorization and provided it to the defendants, the court will consider dismissing the case;

**IT IS FURTHER ORDERED** that the plaintiff's motion for no service (Docket #41) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide the plaintiff with a copy of the docket, as well as copies of the documents filed at docket numbers 12 and 36;

**IT IS FURTHER ORDERED** that the plaintiff's motion for an extension of time (Docket #42) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend motion to compel (Docket #43) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend pleadings (Docket #45) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the defendants' motion for extension of time (Docket #51) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the dates set forth in the Scheduling Order entered June 4, 2010, be and hereby are **VACATED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion in response in opposition to defendants' response in opposition (Docket #52) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for enlargement of time (Docket #54) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay discovery (Docket #55) be and hereby is **DENIED**.

**SO ORDERED** this 11th day of January, 2011, at Milwaukee, Wisconsin.

                                                       **BY THE COURT:**

                                            s/ William E. Callahan, Jr.
                                            WILLIAM E. CALLAHAN, JR.
                                            United States Magistrate Judge